11 F.3d 1074
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Stan LABER, Petitioner,
v.
DEPARTMENT OF THE ARMY, Respondent.
 No. 93-3452.
 United States Court of Appeals, Federal Circuit.
 Nov. 10, 1993.
 
 Before RICH, ARCHER, and MAYER, Circuit Judges.
 PER CURIAM.
 
 
 1
 Stan Laber appeals the decision of the Merit Systems Protection Board, No. CH1221930041-W-1, which became final on June 14, 1993, finding that Laber failed to show that he was not selected for a position with the Reserve Component Automation System Support Team due to reprisal for his relationship with a whistleblower. We affirm.
 
 
 2
 Our review of decisions of the Merit Systems Protection Board is limited. We may reverse only if the board's decision was arbitrary or capricious, was not supported by substantial evidence, or was not issued in accordance with applicable provisions of the law. See 5 U.S.C. Sec. 7703(c) (1988).
 
 
 3
 Laber first contends that the AJ erroneously required him to show that LTC Jurchenko had actual or constructive knowledge of his relationship with Amelia Buckles, another employee who made a disclosure protected by the Whistleblower Protection Act. Per Laber, only the contributing factor test need be met and this test "can be met through means other than the official's knowledge of the relationship" between himself and Buckles. On the contrary, Jurchenko had to have known of this relationship before his failure to select Laber could be a reprisal; the AJ properly required Laber to show that Jurchenko had actual or constructive knowledge.
 
 
 4
 Laber next asserts that the AJ failed to make credibility determinations, or made erroneous credibility determinations. By making fact findings based on the affidavits of Laber, Buckles, Captain Lee, Millie Lawler, Sergeant Faul and Jurchenko, the AJ necessarily assessed the credibility of each of these witnesses, whether or not she explicitly labeled them credibility determinations. These credibility determinations are "virtually unreviewable," Hambsch v. Department of the Treasury, 796 F.2d 430, 436 (Fed.Cir.1986), and we see no error in the conclusions the AJ drew from the affidavits.
 
 
 5
 Finally, Laber argues that the board should have granted him a hearing. In its order of November 18, 1992, the board held that Laber failed to request a hearing in writing as required by its October 21 order. The board considered all the arguments which Laber asserts on this appeal, including his personal circumstances at the time and his belief that his initial request for corrective action was a request for a hearing. The board's conclusion that Laber failed to show good cause for his untimely request for a hearing is unassailable.